### J. E. ALDRICH, Clerk, v. P. P. PICKARD, Comptroller.

1. TAX SALES. *Compensation of clerks.* The compensation of clerks and other officers for making sales of the land of delinquent tax-payers, does not, as between them and the State, depend upon the validity of the sales made.

2. SAME. *Clerk's fees.* The clerk is entitled to fifty cents for each tract of land sold since the passage of the act approved March 20, 1883, for the taxes assessed under the act of 1881, chapter 171.

#### FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

Aldrich *v.* Pickard.

PILCHER & WEAVER for Aldrich.

ATTORNEY-GENERAL LEA for Pickard.

FREEMAN, J., delivered the opinion of the court.

This is an agreed case, showing that the real estate of Davidson county was duly assessed for taxes for the year 1882, as provided by the act of Legislature passed April, 1881: Page 198, *et seq.*, of Acts.

The list of delinquents, amounting to 3,123 tracts of land was sold for taxes of that year, on the first Monday of July, 1883, and within thirty days a certified report of said sale was made to the circuit court, and on the first day of August, 1883, said court entered judgment on said report, condemning said list of lands and town lots. The above lands were all purchased by the State—this being the only sale of lands for taxes of 1882, made in said county.

The clerk claims, and so reported to the Comptroller, that he had performed all the duties required by the act of 1883, chapter 105, and insists he is entitled to the sum of 'fifty cents for each separate tract of the said lands, which the Comptroller denies, and this is the question to be decided.

The defense is rested on the ground, as we understand it, that the act of 1881, chapter 171 (passed April 6), providing for the assessment of taxable property, entitled, "an act to provide more just and equitable laws for the assessment and collection of revenue for State and county purposes, and to repeal all laws now in force whereby revenue is collected from

the assessment of real estate, personal property and privileges," has been declared unconstitutional and void. This act proposed to regulate sales of real estate for taxes, and by section 86 fixed the fees of the "trustee, clerk and printer," on all sales of land to the Treasurer of the State, and directed the Comptroller to issue his warrant for the same. By this section, the clerk's fee was fixed at fifty cents, for each separate tract, lot or parcel of land.

The act of 1881, approved April 7, fixed the rate of taxation of property, and defined what privileges should be subject to privilege tax, and was an amendment to the act of 1879, in some of its features.

By the revenue act of 1883, approved March 30, of that year, a complete system for assessment and collection of revenues of the State, counties and municipalities, was enacted by the Legislature, which, among other things, provided for sale of real estate by the tax collectors, and a report to the circuit court in section 73, as follows: "That when sales have been completed, and within thirty days after the first Monday in July of said year, the tax collector of each county shall certify all of said sales to the circuit court of his county." The form of such certificate is given, and then it is provided, "said court, if in session, or if not in session, then at next term of said court, shall enter said sales of record as valid judgments, vesting title to the property so sold in the purchaser thereof, and writs of possession shall be granted to the purchasers during said term, or at any time on demand, whether said purchaser shall be any

person, company, firm or corporation, or the Treasurer of the State." By section 85, of this act, it is provided, "That the Comptroller of the treasury shall issue his warrant for the fees ·of the trustee, clerk and printer, on all sales of land to the Treasurer of the State, said fees to be as follows: Printer's fee of five dollars for notice in section 68; clerk's fee and trustee's fee each fifty cents for each separate tract, or lot, or parcel of land." The 87th section then repeals chapter 81, of act of 1875; chapter 73, of act of 1877; chapter 245, of act of 1879; chapter 171, of act of 1881, and all other acts in conflict with this law.

The duties required of the clerks, under the act of 1883, are precisely the same as those required by the act of 1881. The fees for the service by the clerk are the same in both acts. The Legislature, in repealing all these acts, certainly knew there were taxes in process of collection for 1882, which had been enforced by sales of land, and that ,clerks had rendered service in such cases, and the Treasurer of the State had become the purchaser. Concede the sales were invalid, because the law under which the taxes had been assessed or the property valued for taxation was void, and the sales, therefore, gave no title; still, it cannot be presumed it was intended that these clerks should receive no compensation for work honestly done.

The compensation of the clerk or other officer in such cases does not depend on the validity of the sales made, as held by this court in *Akers and Union &*

*American Publishing Company* v. *Burch,* 12 Heis., 611, 612. Judge McFarland says, in that case, " we conclude, therefore, that the fact of an actual sale and purchase in the name of the Treasurer ‘is sufficient, and we hold. this the more readily as these claims do not depend upon the validity of the sale."

It is conceded, however, that no public officer can receive as fees any thing but by a provision of law fixing such fees. But when this service was done the act of 1883 was in force, which provided a fee for such service, and it may well be held to include all such service done after its passage in favor of a meritorious claim; especially, as by that act all the previous laws on the subject were repealed, and the rule prescribed in this act left alone to regulate such compensation. This may not be a strict construction but it is a fair one, and reaches the right of the case.

The judgment of the court below will be affirmed with costs.